# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | | |
|---|---|---|
| **RANDY CLAYTON NORMAN,** | ) | |
| **No. 426046,** | ) | |
| | ) | |
| **Petitioner,** | ) | **No. 1:15-cv-00100** |
| | ) | **Chief Judge Sharp** |
| **v.** | ) | |
| | ) | |
| **GERALD MCALLISTER,** *Warden*, | ) | |
| | ) | |
| **Respondent.** | ) | |

## **M E M O R A N D U M**

Randy Clayton Norman, an inmate of the Bledsoe County Correctional Complex in Pikeville, Tennessee, has filed a *pro se, in forma pauperis* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. (Docket No. 2).

The Petitioner originally filed his petition in the Eastern District of Tennessee. (Docket No. 2). By order and memorandum entered on October 21, 2015, the Honorable J. Ronnie Greer transferred the Petitioner's action to this Court in the interests of justice, judicial economy, and convenience of the parties and witnesses. (Docket No. 7). At the time of the filing of his petition, the Petitioner was an inmate of the Northeast Correctional Complex in Mountain City, Tennessee, where Gerald McAllister is the Warden. (Docket No. 2).

**I.    Background**

On September 26, 2007, a Maury County Circuit Court jury convicted the Petitioner of one count of second degree murder,[1] and the court sentenced the Petitioner to 20 years of imprisonment

---

[1] Although the petition states that Norman was convicted of first degree murder, the Tennessee Court of Criminal Appeals' 2010 decision states that Norman was convicted of second degree murder. 2010 WL 34481808, at *1. The Petitioner clarifies this point in his November 23, 2015 letter to the Court, confirming that he was convicted of one count of second degree murder. (Docket No. 14 at p. 1).

in the Tennessee Department of Correction. *State v. Norman,* No. M2009-01246-CCA-R3-CD, 2010 WL 3448108, at *1 (Tenn. Ct. Crim. App. Dec. 8, 2010). On September 2, 2010, the Tennessee Court of Criminal Appeals affirmed the Petitioner's conviction but modified his sentence, reducing the term of confinement from 20 years to 15 years. *Id.* at *18. The Tennessee Supreme Court denied discretionary review on December 8, 2010. *State v. Norman,* No. M2009-01246-CCA-R3-CD, 2010 WL 3448108 (Tenn. Ct. Crim. App. Dec. 8, 2010). According to the petition, the Petitioner did not seek review from the Supreme Court of the United States. (Docket No. 2 at p. 3).

On July 7, 2011, the Petitioner filed a *pro se* petition for state post-conviction relief. (Docket No. 1 at p. 4). Following an evidentiary hearing, the post-conviction court denied the petition on June 19, 2012. (*Id.*).

The Petitioner appealed the denial of his petition for post-conviction relief. On August 28, 2013, the Tennessee Court of Criminal Appeals affirmed the judgment of the post-conviction court. *Norman v. State,* No. M2012-01511-CCA-R3-PC, 2013 WL 4677593 (Tenn. Ct. Crim. App. Aug. 28, 2013). The Petitioner did not seek discretionary review by the Tennessee Supreme Court. (Docket No. 2 at p. 5).

On July 11, 2014, the Petitioner filed the instant petition for writ of *habeas corpus* under 28 U.S.C. § 2254.[2] (Docket No. 2 at p. 10). This is the first federal petition that the Petitioner has filed

---

[2]Under the "prison mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 270 (1988), and the Sixth Circuit's subsequent extension of that rule in *Richard v. Ray,* 290 F.3d 810, 812 (6th Cir. 2002) and *Scott v. Evans,* 116 Fed. App'x 699, 701 (6th Cir. 2004), a prisoner's legal mail is considered "filed" when he deposits his mail in the prison mail system to be forwarded to the Clerk of Court. Here, Norman signed the instant petition on July 11, 2014, so the petition is considered "filed" on that date rather than on the date the petition actually was received by the Clerk of Court (July 17, 2014) under the "prison mailbox rule."

2

concerning the 2007 conviction and sentence. The Petitioner names Gerald McAllister, the Warden of the Northeast Correctional Complex, as the Respondent. (Docket No. 2).

II.     **Standard for Preliminary Review of Section 2254 Cases**

Under Rule 4, Rules – Section 2254 Cases, the Court is required to examine § 2254 petitions to ascertain as a preliminary matter whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." If, on the face of the petition, it appears that the Petitioner is not entitled to *habeas corpus* relief, then the "the judge must dismiss the petition . . . ." *Id*.

By order entered on October 28, 2015, the Court determined that, because the instant petition did not state the date on which the Petitioner filed his petition for state post-conviction relief, the Court was unable to determine whether and when the one-year statute of limitations was tolled and, consequently, whether the instant petition was timely filed. (Docket No. 9 at p. 3). Thus, the Court ordered the Respondent to file an answer, plead or otherwise respond to the petition within 30 days of receiving the Court's order. (*Id*.) The Court specifically directed the Respondent to address whether the petition is timely and whether the Petitioner exhausted his state court remedies. (*Id*.)

III.    **Analysis**

On November 30, 2015, the Respondent filed a motion to dismiss to the petition. (Docket No. 15).**³** In the motion to dismiss, the Respondent contends that the claims raised in the instant petition are time-barred because Petitioner filed his petition 11 days after the governing one-year

---

³The Respondent submitted a motion to file late response to the petition (Docket No. 18), believing that his response was filed late because "federal courts did not recognize [November 27, 2015] as a holiday." (*Id*. at p. 1). However, pursuant to Administrative Order 102 of the United States District Court of the Middle District of Tennessee, the court was closed on November 27, 2015. Therefore, the Respondent's motion was timely filed, and the motion to file late will be denied as moot.

statute of limitations expired. (Docket No. 16 at p. 4).

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (codified, *inter alia*, at 28 U.S.C. §§ 2244, *et seq.*), prisoners have one year within which to file a petition for *habeas corpus* relief which runs from the latest of four (4) circumstances:

> (A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §§ 2244(d)(1)(A).

The AEDPA's one-year limitations period is tolled by the amount of time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see Ege v. Yukins*, 485 F.3d 364, 371 (6th Cir. 2007). However, any lapse of time before a state application is properly filed is counted against the one-year limitations period. *See Bennett v. Artuz*, 199 F.3d 116, 122 (2nd Cir. 1999), *aff'd*, 531 U.S. 4 (2000). When the state collateral proceeding that tolled the one-year limitations period concludes, the limitations period begins to run again at the point where it was tolled rather than

beginning anew. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004)(citing *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003)).

Here, the Petitioner does not assert that the State has prevented him from filing his federal habeas petition in a timely fashion and in violation of his constitutional rights. Thus, 28 U.S.C. § 2244(d)(1)(B) is inapplicable. Nor does the Petitioner allege that his claims arise out of new constitutional rights to be applied retroactively; therefore, 28 U.S.C. § 2244(d)(1)(C) is inapplicable. The Petitioner's claim does not fall under the new factual predicate test of 28 U.S.C. § 2244(d)(1)(D), so that sub-section, too, is inapplicable. Consequently, 28 U.S.C. § 2244(d)(1)(A) is the latest of the applicable measurements of the statute of limitations under 28 U.S.C. § 2244(d)(1).

The record before the Court shows that the date on which the Petitioner's judgment became final by conclusion of direct review was March 8, 2011.[4] The federal limitations period ran for 122 days until July 7, 2011, when the Petitioner filed his timely petition for state post-conviction relief. The Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief on August 28, 2013. Thus, the federal limitations period resumed 61 days later on October 28, 2013,[5] after the time for seeking discretionary review from the Tennessee Supreme Court expired. The limitations period then expired 245 days later on June 30, 2014.

The Petitioner filed his federal habeas petition on July 11, 2014. (Docket No. 1). The §

---

[4]On December 9, 2010, the ninety (90) day period within which the prisoner could file a writ of *certiorari* with the United States Supreme Court began. *See Fed. R. Civ. P.* 6(a)(1)(a) (when the governing time period is stated in days, the court excludes the day of the event that triggers the period; thus, here, December 8, 2010, is excluded). During the ninety (90) day period, the AEDPA's one-year limitations period is tolled. *See Clay*, 537 U.S. 522, 532. The ninety (90) day period ended on March 8, 2011. *See Fed. R. Civ. P.* 6(a)(1)(c)(when the governing time period is stated in days, the court includes the last day of the period with exceptions that do not apply here).

[5]The 60th day fell on a Sunday (October 27, 2013). *See Fed. R. Civ. P.* 6(a)(1)(c).

2254 petition was filed **12 days** beyond the AEDPA's one-year limitations period. Thus, the petition is untimely by nearly two weeks.

Although the Petitioner's § 2254 petition is untimely, the law is well-settled that the one-year limitations period expressed in §§ 2244 and 2255 does not operate as a jurisdictional bar to *habeas corpus* petitions; the one-year limitations period may be equitably tolled under exceptional circumstances. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). "The doctrine of equitable tolling is applied sparingly by federal courts," and is typically used "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003).

The Petitioner has not argued that the Court should apply equitable tolling and find his instant § 2254 petition timely. In fact, the Petitioner does not acknowledge the untimely status of his petition. Neither has he provided any basis for equitable tolling that would bring his petition within the statute of limitations. A petitioner has the burden to persuade the Court that he or she is entitled to equitable tolling. *McSwain v. Davis*, 287 Fed. Appx. 450, 455–456 (6th Cir. 2008) (collecting cases). *Norman* here has not met that burden.

**IV.     Certificate of Appealability**

There is no absolute entitlement to appeal a district court's denial of a § 2254 petition. *Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Bradley v. Birkett*, 156 F. App' x 771, 772 (6th Cir.2005). The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. Rule 11, Rules Gov'g § 2254 Cases in the United States District Courts. A petitioner may not take an appeal unless a circuit or district judge issues a COA. 28 U.S.C. § 2253(c)(1); *Fed. R.App. P*. 22(b)(1).

A COA may issue only if a petitioner has made a substantial showing of the denial of a constitutional right, and it must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Cockrell*, 537 U.S. at 336; *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. *Cockrell*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814–15 (6th Cir. 2011). Courts should not, however, issue a COA as a matter of course. *Bradley*, 156 F. App'x at 773.

In this case, reasonable jurists cannot conclude that the Court abused its discretion in granting the Respondent's motion to dismiss. Thus, the Court will deny a COA.

**V.     Conclusion**

For the reasons explained herein, Petitioner Norman's § 2254 petition is untimely. The Respondent's motion to dismiss, therefore, will be granted, Norman's § 2254 petition will be denied, and this action will be dismissed. The court will deny a COA. Any appeal of the court's decision would not be taken in good faith.

An appropriate order will be entered.

_____
Kevin H. Sharp
Chief United States District Judge